IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOON RAWD TRADING INTERNATIONAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> PALEEWONG TRADING CO., INC., <br><br> Defendant. | Case No. CV 09 5617 WHA <br><br> **ORDER ON OCTOBER 19, 2010 DISCOVERY HEARING RE** <br><br> **DOCKET #41 - LETTER FROM PALEEWONG TRADING CO., INC. TO COURT** <br><br> **DOCKET #45 - LETTER FROM BOON RAWD TRADING INTERNATIONAL CO., LTD. TO COURT** |
| PALEEWONG TRADING CO., INC., <br><br> Counterclaimant, <br><br> v. <br><br> BOON RAWD TRADING INTERNATIONAL CO., LTD. <br><br> Counterdefendant. | |

After a meet and confer between counsel, the Court heard argument and ruled on Paleewong Trading Company, Inc. ("Paleewong")'s October 7, 2010 Letter to the Court requesting discovery relief (Docket #41) and Boon Rawd Trading International Co., Ltd. ("BRTI")'s October 12, 2010 Letter to the Court requesting discovery relief (Docket #45).

The Court's ruling is as follows:

1    A. BRTI's motion to compel further responses by PTC to interrogatories is GRANTED as
2    follows:

3    **Interrogatory No. 6**. By November 2, 2010, PTC shall serve verified amended responses
4    to Interrogatory No. 6 as to each person identified in PTC's response, to identify every single
5    communication from that person with respect to the subject matter of the interrogatory. PTC shall
6    state every single communication from BRTI to the effect that PTC was entitled to payment of
7    reasonable compensation for the termination of the USA importation rights. As directed by the
8    Court for purposes of these amended response, "identify" means: the date, who said it, to whom it
9    was said, and the substance of the communication, whether it was a letter, whether it was oral and
10   where it occurred, and so forth. PTC is directed that it shall not merely repeat the language in its
11   Amended Counterclaim. PTC's amended response must state the exact words as close as a human
12   being can get to it based on human memory, not just boilerplate repetition of the language in
13   PTC's Amended Counterclaim. If PTC's amended response is such a boilerplate repetition of the
14   allegations in its Amended Counterclaim, Paleewong's Amended Counterclaims that rely on those
15   allegations will be dismissed by the Court.

16   **Interrogatory No. 9**. By November 2, 2010, PTC must serve verified amended responses
17   to Interrogatory No. 9 to identify the specific facts upon which it bases its claims that are the
18   subject of that interrogatory. PTC must state the factual explanation of its assertion that it could
19   not be terminated without good cause, including all of the relevant facts of which it is aware. PTC
20   must include in its amended response facts, including any "secondary facts," that it intends to rely
21   on in support of its claims that are the subject of that request. In the event that BRTI moves for
22   summary judgment with respect to such claims, PTC will not be allowed to supplement the facts
23   stated in its responses to these interrogatories in opposition to that motion, or to oppose the motion
24   on the basis of deposition testimony, the substance of which PTC would be expected to have
25   known prior to its amended responses pursuant to this order.

26   B. BRTI's motion to compel further responses to document requests and document
27   production is GRANTED as follows:

28   With respect to BRTI's Request for Production of Documents, by November _$^2$_, 2010,

CASE NO. CV 09 5617 WHA                    ORDER                                                  2
6556-1\1078704v1

for the time period of the years 2005 through 2009, PTC is ordered to produce to BRTI its computer program that contains all revenue and expense information and must produce all of its raw data on income and expenses on both its importation and distributorship sides of the business, whether received or paid by check, credit card, cash, etc.  PTC shall also produce any summary documents, for example, Profit and Loss statements or P&Ls, partial or complete, sufficient to allow BRTI to assess all money in to, and money out from PTC.  BRTI, at its option, shall also have complete access to PTC computer(s), together with access to all accounting raw data in order to allow BRTI 's expert to manipulate PTC's accounting data in any way that it sees fit.  The materials ordered produced pursuant to this paragraph shall be produced pursuant to the Stipulated Protective Order entered in this Action.  In the event that PTC's production hereunder is a woefully incomplete production, BRTI may request and the Court will order that PTC produce its tax returns for the relevant time periods.

C.  PTC's Motion to Compel the Further Search for and Production of Documents:

Mr. Ryan Meckfessel, counsel for Boon Rawd Trading International, Ltd. ("BRTI"), shall go to Thailand to search the files and records of the Boon Rawd Brewery and any Singha or Boon Rawd related entity for all direct communications and files directly related to PTC,  including files/documents relating to the importation relationship, expanding its importation to a new state in the United States for the sale of Singha beer, the terms and conditions on which Singha beer will be exported to the United States.  Counsel is required to search all places where such documents can reasonably expected to be, dating back to 1976, having to do with Paleewong Trading Company and the importation relationship.  Mr. Meckfessel is required to submit an affidavit under oath describing the manner in which this search was done.  Mr. Meckfessel shall submit the declaration and documents to the Court who will then transmit the documents to PTC after receipt of payment of its half of the costs allowed as detailed below.

PTC elected to pay  half of the costs for Mr. Meckfessel's time and expenses to travel to Bangkok, Thailand, to search for documents maintained by the Brewery in lieu of the Court's offered alternative that BRTI will not otherwise be required to produce the Boon Rawd Brewery documents.  Mr. Meckfessel has represented to the court that his standard billing rate is $425/hour.

He will be permitted to fly business class. PTC shall reimburse BRTI for one half of Mr. Meckfessel's expenses, including airfare, ground transportation, food, lodging, and time spent searching the Boon Rawd files for the above documents, including, travel time to and from Bangkok, Thailand, to perform the search of documents maintained by the Brewery and a minimum expected/anticipated time allotment of eight (8) hours per day while Mr. Meckfessel is in Thailand to perform the search for documents maintained by the Brewery. The costs claimed by Mr. Meckfessel must be reasonable, the Court will decide what is reasonable.

Regarding Paleewong's requests for BRTI's further production of communications, this matter is not ripe for determination. However, the Court orders that BRTI produce all communications beginning in 2001 between BRTI and a third party referencing Paleewong . "Third party" includes all natural persons and all entities, including related entities Singha North America and Boon Rawd Brewery. **Production must be completed by November 2, 2010.**

D.  Regarding PTC's Motion to Compel Depositions:

BRTI must produce Vapee Bhirom Bhakdi for deposition as noticed on November 9, 2010, at 9:00 a.m. Pacific Time. Counsel for Paleewong is required to notify counsel for BRTI by no later than Friday October 22 at Noon whether this will be by videoconferencing or live. If Mr. Bhirom Bhakdi is required to travel to San Francisco, Paleewong shall be required to reimburse BRTI for 100% of his expenses. Mr. Bhirom Bhakdi is permitted to travel business class. If Paleewong decides not to depose Mr. Bhirom Bhakdi altogether, BRTI will be barred from using him at trial on account of its refusal to make him available for deposition in the United States.

BRTI must produce Santi Bhirom Bhakdi for deposition as noticed on November 11, 2010, at 9:00 a.m. Pacific Time. Counsel for Paleewong is required to notify counsel for BRTI by no later than Friday October 22 at noon whether this will be by videoconferencing or live. If Mr. Bhirom Bhakdi is required to travel to San Francisco, Paleewong shall be required to reimburse BRTI for 100% of his expenses. Mr. Bhirom Bhakdi is permitted to travel business class. These costs must be reasonable, the Court will decide what is reasonable. If Paleewong decides not to depose Mr. Bhirom Bhakdi altogether, BRTI will be barred from using him at trial

on account of its refusal to make him available for deposition in the United States.

BRTI must produce Palit Bhirom Bhakdi for deposition, on the date on which BRTI has represented he is available to sit for that deposition, November 5, 2010, in San Francisco, California at 9:00 a.m. Pacific Time.

**IT IS SO ORDERED.**

Dated: October 22, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE