IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOON RAWD TRADING INTERNATIONAL CO., LTD.,

    Plaintiff,

  v.

PALEEWONG TRADING CO., INC.,

    Defendant.
                         /

AND RELATED COUNTERCLAIMS.
                         /

No. C 09-05617 WHA

**ORDER REGARDING REASONABLENESS OF FEES AND EXPENSES RELATED TO BOON RAWD BREWERY SEARCH**

Pursuant to the October 22 order following the hearing on the parties' discovery dispute held on October 19, 2010, Attorney Ryan Meckfessel, counsel of record for plaintiff Boon Rawd Trading International, Inc., submitted a sixteen-page declaration detailing his search efforts in Bangkok for documents responsive to defendant Paleewong Trading Co., Inc.'s discovery requests. According to his declaration, the attorney's fees and expenses related to his overseas search efforts totaled $35,278.08. Paleewong has challenged the reasonableness of these fees and expenses, since it must pay for half of this total — or $17,639.04 — to obtain the documents uncovered during Attorney Meckfessel's search.

Having reviewed Paleewong's objections and Attorney Meckfessel's detailed declaration (and attached receipts), this order finds that the fees and expenses catalogued in Attorney Meckfessel's declaration are reasonable. *First*, while it is true that the undersigned roughly

estimated that the search process would only take only five hours, that estimate was based upon a number of assumptions regarding how business records were being maintained by Boon Rawd Brewery. Attorney Meckfessel's declaration puts forth a reasonable explanation as to why the process of finding responsive documents took longer. *Second*, this order does not agree with defense counsel that interviews of Boon Rawd Brewery employees regarding the likely location of responsive documents should have been excluded from the calculation of attorney's fees. At the discovery dispute hearing, defense counsel was given the option of having *brewery employees* produce responsive documents rather than having Attorney Meckfessel personally lead the search efforts in Thailand. Defense counsel elected to have Attorney Meckfessel conduct the search. Given this choice, it was reasonable for him to interview brewery employees upon his arrival in Thailand regarding where and how relevant documents were maintained by the Brewery. *Third*, defense counsel have not provided any reasons to second-guess Attorney Meckfessel's choice of hotel accommodations in Thailand. In other words, there is no indication that the hotel Attorney Meckfessel selected was more costly that other hotels typically used by western business travelers in Bangkok.

In sum, defense counsel's objections to the reasonableness of the attorney's fees and expenses related to the search of Boon Rawd Brewery are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: November 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2