IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOON RAWD TRADING
INTERNATIONAL CO., LTD.,

    Plaintiff,

  v.

PALEEWONG TRADING CO. INC.,

    Defendant.
                              /

AND RELATED COUNTERCLAIMS
                              /

No. C 09-05617 WHA

**ORDER VACATING
ORDER REQUESTING
EXPLANATION**

On December 7, 2010, plaintiff Boon Rawd Trading International Company filed a motion to compel discovery or for sanctions against defendant Paleewong Trading Company. On January 12, 2011, starting at 10:00 a.m., counsel conducted a meet-and-confer session pursuant to court order. At 2:00 p.m., argument was heard on the parties' outstanding issues, and a further meet-and-confer session was ordered. By 3:00 p.m., all issues were resolved, and two agreements were stated on the record.

Counsel were instructed to submit a single proposed order reciting these two agreements, but instead, each side submitted its own version of a proposed order — one with three supposed agreements, and the other with four. Neither proposed order was filed with any documentation either representing that the parties agreed to the content of the proposed order or explaining why the parties were unable to reach agreement. The first of these dueling proposed orders was filed

by Attorney Enoch Wang on behalf of Paleewong, on January 14, 2011. The second was filed by Attorney Ryan Meckfessel on behalf of Boon Rawd, on January 17.

On January 18, Attorney Enoch Wang was directed to file a sworn declaration explaining why he filed the first proposed order in a manner that implied it had been jointly stipulated, without disclosing the parties' disagreement as to its contents. In a declaration filed the same day, Attorney Wang explained that when counsel discussed the language of the proposed order, they "could not agree on the form of a proposed order" but "did agree as a matter of procedure that we would both email our respective versions of the proposed order to the Court and copy each other on the emails." Counsel apparently "also agreed that we would both tell the Court in our emails that we were submitting separate versions because we were unable to agree on the form of order" (Dkt. No. 147). These emails were sent to the address WHApo@cand.uscourts.gov, where they were received at 5:08 p.m. and 5:10 p.m. on January 14, 2011. Copies of these emails will be filed in the record along with this order.

Having recovered and reviewed these two emails, the Court acknowledges that counsel had informed the Court of their disagreement and apologizes for the mistake. The January 18 Order Requesting Explanation is hereby **VACATED**.

Counsel, however, are reminded to read and comply with the Supplemental Order, in particular the following provision in paragraph 27: "Please e-file *all* submissions to the Court and make sure a hard copy is lodged in the Court's mail box in the Clerk's Office on the sixteenth floor no later than noon of the following day" (Dkt. No. 13) (emphasis added).

**IT IS SO ORDERED.**

Dated: January 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2