IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOON RAWD TRADING INTERNATIONAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> PALEEWONG TRADING CO. INC., <br><br> Defendant. <br> ———————————————————/ <br> AND RELATED COUNTERCLAIMS <br> ———————————————————/ | No. C 09-05617 WHA <br><br> **ORDER COMPELLING MEDIATION CONFERENCE** |

    At the March 7 pretrial conference, a further mediation conference with the parties' private mediator was discussed twice. In the first instance, Attorney Turitz represented that Boon Rawd would be willing to schedule a mediation conference even if Boon Rawd prevailed on its motion for summary judgment:

> THE COURT: Well, who was your mediator?
>
> MS. TURITZ: Judge Rebecca Westerfield at JAMS.
>
> THE COURT: Why don't you call her up and say we are on the verge of trial, can you see us this week?
>
> MS. TURITZ: We could do that, Your Honor. It would probably be helpful to have the ruling on the summary judgment before we do that.
>
> THE COURT: Well, if you were to win, yeah, then would you even have an incentive to negotiate?

| | | |
|---|---|---|
| MS. TURITZ.: | *If the other side is willing to talk to her, we are willing to call.* | |
| THE COURT: | What? | |
| MS. TURITZ: | *If the other side is agreeable to making that call, then we can talk to our client and make that call.* | |

(Dkt. No. 258 at 33:9–23) (emphasis added).  In the second instance, Attorney Turitz agreed to call Judge Westerfield to schedule a mediation conference regardless of the outcome of the summary judgment motion:

| | |
|---|---|
| THE COURT: | All right, I'll do the best I can to get the order out as promptly as I can.  *I'm going to order you both to — regardless of how the order comes out, whether it's total grant for the defendant or for Boon Rawd, whether it's total denial to Boon Rawd, whether it's a partial grant, I'm going to order you both on Thursday and Friday to go talk to Judge Westerfield again.  I'm ordering you both to do it.*  And if Mr. Ettleman has got to be there to make it work, I'm ordering him to be there.  But I want you to — with your clients.  Is that a problem?  Can you have your clients there? |
| MS. TURITZ: | I think that would be a problem, Your Honor, because our clients are in Thailand, and they are planning on coming out — |
| THE COURT: | All right, then, just the lawyers, just the lawyers.  You tell Judge Westerfield that Thursday and/or Friday, I will give you Thursday and/or Friday.  It has to be one of those days. |
| MS. TURITZ: | *Yes, sir.  We'll make the call.*  Thank you. |

(Dkt. No. 258 at 39:18–40:14) (emphasis added).

The mediation conference was to take place on March 10 and/or March 11.  It did not.  Attorney Turitz explains that she cancelled the conference based on the final sentence of the summary judgment order — "The March 14 jury trial and all other pending dates are vacated." — which she interpreted as vacating the "prior order for the parties to conduct a further mediation conference with the parties' private mediator given the outcome of the summary judgment motion" (Dkt. No. 257 at 2).

2

In light of the foregoing history, it is surprising and disappointing that Attorney Turitz failed to follow through on her promise to conduct a further mediation conference regardless of the summary judgment outcome. The parties are **ORDERED** to promptly arrange another settlement conference with their private mediator. Each party must ensure that the settlement conference is attended by a representative who has full settlement authority. The settlement conference must be conducted by **APRIL 14, 2011**. The pending Rule 59(e) motion should be briefed on the normal schedule, but it will not be decided until the parties have complied with this order in good faith. The parties shall file a joint statement certifying compliance after they have done so.

**IT IS SO ORDERED.**

Dated: March 30, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3